**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL LEMMON, et al.,<br><br>             *Plaintiffs*,<br><br>   v.<br><br>DONALD J. TRUMP, et al.,<br><br>             *Defendants*. | Civil Action No. 26-cv-544 (TSC)<br><br>**NOTICE OF SUPPLEMENTAL**<br>**AUTHORITY** |

## NOTICE

On March 31, 2026, another Judge in this District issued a decision on a motion for preliminary injunction in a case that challenges "the Defendants' statutory authority to construct a ballroom on White House grounds and to do it with private funds." *See generally Nat'l Tr. for Historic Pres. in the U.S. v. NPS*, No. CV 25-4316 (RJL), 2026 WL 877779, at *3 (D.D.C. Mar. 31, 2026) [hereinafter *PI Decision*].[1] The opinion granting the preliminary injunction motion there reinforces that Plaintiffs' motion here should be denied.

---

[1] The named Defendants in that case are the National Park Service; Jessica Bowron, in her official capacity as Acting Director of the National Park Service; John Stanwich, in his official capacity as Superintendent of the White House and President's Park; the Department of the Interior; Douglas Burgum, in his official capacity as Secretary of the Interior; the General Services Administration; Michael J. Rigas, in his official capacity as Acting Administrator of the General Services Administration; Donald J. Trump, in his official capacity as President of the United States; the Executive Office of the President; Susie Wiles, in her official capacity as White House Chief of Staff; the Office of the Executive Residence; and Robert B. Downing, in his official capacity as White House Chief Usher. *Id.* at *3 n.2.

1

**1.** The Court found that the plaintiff there had shown a sufficiently imminent risk of irreparable harm based on these facts:

- "Above-ground construction begins in a matter of days . . . ." *Id.* at *15.[2]

- "[T]he design plans are nearly final. On February 27, 2026, the Commission of Fine Arts approved the ballroom's concept design submission as a 'final design.'" *Id.*

- "On March 5, 2026, Defendants submitted 'preliminary and final site and building plans' to the National Capital Planning Commission ('NCPC'). . . . The NCPC is scheduled to vote on the project at its April 2, 2026 meeting." *Id.*

Setting to one side whether this irreparable-harm finding is correct, Plaintiffs here have not shown any of this and thus fall well short of showing the imminent risk of irreparable harm necessary to justify a preliminary injunction. *See generally* ECF No. 12 at 8–11 (explaining why Plaintiffs fail to show a likelihood of imminent irreparable harm). And unlike the Court's East Wing decision, which made these findings based on sworn declarations, Plaintiffs here rely on news reports and social media posts to support their imminency theory. *See id.* at 9.

**2.** The Court in the East Wing case relied on ongoing construction when it found that the plaintiff there had shown an injury in fact to support standing. *See Nat'l Tr. for Historic Pres. in the United States v. NPS*, No. CV 25-4316 (RJL), 2026 WL 533420, at *5 n.2 (D.D.C. Feb. 26, 2026) (rejecting Defendants' immediacy argument because "[c]onstruction is well underway"); *PI Decision*, 2026 WL 877779, at *14 n.14 ("reincorporate[ing]" the Court's February 26 standing analysis). By contrast, Plaintiffs here can point to no ongoing construction. *See* ECF

---

[2] The Court previously found that the plaintiff there "failed to demonstrate a 'sufficiently imminent risk of irreparable harm' because below-grade structural work had just begun and Defendants' construction plans were still in flux." *Id.* (citation omitted).

No. 12 at 12 (explaining that Plaintiffs lack standing because their purported injuries are neither imminent nor certainly impending).

**3.** The Court in the East Wing case found that the plaintiff there was likely to succeed on its *ultra vires* claim in part because the entity managing the East Wing project (the Office of the Executive Residence) is not an agency that's subject to the Administrative Procedure Act. *See PI Decision*, 2026 WL 877779, at *13. Here, by contrast, the arch project is in the conceptual phase, and Plaintiffs have not shown that the project will be managed by an entity that's not subject to the Administrative Procedure Act. This is fatal to Plaintiffs' *ultra vires* theory because they must show that they lack a path to meaningful and adequate judicial review. They have not done so. *See* ECF No. 12 at 15 ("Should NPS finally decide to construct the arch or authorize construction of the arch, its decision would be subject to judicial review under the APA . . . .").

**4.** Although the Court in the East Wing case concluded that Congress must authorize the East Wing construction project, *see PI Decision*, 2026 WL 877779, at *1, *12 (relying on 40 U.S.C. § 8106), Congress authorized the arch project when it approved the design set out in Arlington Memorial Bridge Commission's report. That report called for developing Columbia Island as a park, including "two stately columns" "surmounted by statues" to provide "a plaza with fitting architectural adornment." *See* ECF No. 12 at 6 (citation omitted). And Congress gave the Commission authority to change the design. *Id.* at 5.

Because the arch project is in the conceptual phase, Congress could enact appropriations for the project, and this would reinforce Congressional authorization. *See id.* at 18.

Plaintiffs here have not shown that they're likely to succeed on the merits.

3

DATE: April 1, 2026     Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General


*/s/ Bradley Craigmyle*
BRADLEY CRAIGMYLE
Deputy Assistant Attorney General
Environment and Natural Resources Division
950 Pennsylvania Ave NW
Washington DC 20530
Telephone: 202-532-3150
E-mail: Bradley.Craigmyle@usdoj.gov

*Counsel for Defendants*

4