**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHAEL LEMMON, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 26-cv-544 (TSC) |
| v. | ) ) ) | **DEFENDANTS' MOTION TO STAY** |
| DONALD J. TRUMP, et al., | ) ) ) | **SUMMARY JUDGMENT BRIEFING OR, ALTERNATIVELY, TO EXTEND THEIR RESPONSE DEADLINE** |
| Defendants. | ) ) ) | |

**INTRODUCTION**

Defendants hereby move to stay briefing on Plaintiffs' Motion for Summary Judgment (Dkt. 36) in this case until the Court resolves Defendants' Motion to Dismiss (Dkt. 31). Alternatively, Defendants move to extend the deadline to respond to Plaintiffs' Motion until 21 days after the Court rules on this stay motion. Plaintiffs have indicated that they intend to oppose this motion and file a response.

**BACKGROUND**

This February 19, 2026, lawsuit challenges non-final executive concepts of constructing an arch in Memorial Circle. Although Plaintiffs' Complaint recognizes that Defendant National Park Service (NPS) is "responsible for administering and maintaining the land on Memorial Circle," Dkt. 1, Compl. ¶ 14, it is undisputed that NPS has not taken final agency action authorizing arch construction, Dkt. 12-1 ¶ 15; Dkt. 24-1 ¶ 4.

Following preliminary injunction proceedings, the Parties agreed to a stipulated order that "[c]onsistent with Defendants' statements, Defendant NPS shall not authorize construction of an arch on Memorial Circle to begin before NPS has published a notice stating its authorization on its" planning website. Dkt. 26 (denying Plaintiffs' preliminary injunction motion).

On April 29, 2026, Defendants moved to dismiss the lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 31. Defendants explained that Plaintiffs lack standing, as no arch would be built unless and until NPS issues a final agency action authorizing arch construction, and the Court could not speculate about how NPS might ultimately exercise its discretion over Memorial Circle. *Id.* The motion further explained that Plaintiffs lack a viable non-statutory cause of action because they must await final agency action from NPS to obtain judicial review under the relevant statutory scheme. *Id.* That motion was fully briefed on May 26, 2026. *See* Dkt. 35.

1

The following day, Plaintiffs moved for summary judgment. Dkt. 36. That motion speculates about how NPS will ultimately exercise its discretion over Memorial Circle based largely on post-Complaint activity, *see* Dkt. 36-2 ¶¶ 6–12, 15–19, 27–28, 30, 36–39, thus hijacking the summary judgment procedure to seek the disclosure of internal Executive Branch deliberations before the legally empowered agency has completed its decision-making process.

## **ARGUMENT**

### I.   **Summary Judgment Briefing Should Be Stayed Pending A Ruling On Defendants' Fully Briefed Motion to Dismiss.**

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *9REN Holding S.A.R.L. v. Kingdom of Spain*, No. 19-CV-01871 (TSC), 2020 WL 5816012, at *2 (D.D.C. Sept. 30, 2020) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). That broad discretion includes the "inherent power to control the sequence in which it hears matters on its calendar." *United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). "When exercising the power to stay a case, courts must 'weigh competing interests and maintain an even balance' between the court's interests in judicial economy and any possible hardship to the parties." *Hulley Enters. Ltd. v. Russian Fed'n*, 502 F. Supp. 3d 144, 152 (D.D.C. 2020) (quoting *Belize Social Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 733 (D.C. Cir. 2012)). Here, a stay is warranted to allow resolution of threshold jurisdictional questions, promote judicial economy, and avoid prejudice to Defendants.

**1.** The Court should stay summary judgment briefing because the "first and fundamental" question for any court is that of jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Because "resolving a merits issue while jurisdiction is in doubt carries the courts beyond the bounds of authorized judicial action," *In re Papandreou*, 139 F.3d 247, 253 (D.C. Cir. 1998) (internal citations and quotation marks omitted), "Courts will stay summary judgment briefing

pending the resolution of a motion to dismiss" presenting threshold jurisdictional issues, *W. Virginia ex rel. Morrisey v. United States Dep't of Health & Hum. Servs.*, No. CV 14-1287 (RBW), 2014 WL 12803229, at *1 (D.D.C. Nov. 3, 2014) (collecting cases).

Here, Defendants have fully briefed a threshold jurisdictional challenge to Plaintiffs' standing to bring this suit, arguing that incipient discussions about the arch inflict no injury on Plaintiffs. Dkt. 31; Dkt. 35. That "motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure presents a threshold challenge to the Court's jurisdiction and the Court is obligated to determine whether it has subject-matter jurisdiction in the first instance." *Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, No. CIV.A. 1:11-00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) (citation modified, citing *Curran v. Holder*, 626 F. Supp. 2d 30, 31 (D.D.C. 2009)). Staying summary judgment briefing while evaluating the motion to dismiss "'allows the Court to assure itself of jurisdiction and address threshold matters' before turning to the other issues in the litigation." *Zavadovsky v. Rabl*, No. CV 24-1997 (RC), 2025 WL 2466024, at *4 (D.D.C. Aug. 27, 2025) (quoting *Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, No. 19-cv-1974, 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019)). Because Defendants' motion to dismiss can dispose of this suit in its entirety, the Court should stay summary judgment briefing until it has evaluated that threshold jurisdictional defense. *Furniture Brands*, 2011 WL 10959877, at *1; *Steel Co.*, 523 U.S. at 94 ("Without jurisdiction the court cannot proceed at all in any cause." (citation omitted)).

**2.** Judicial economy considerations favor staying summary judgment briefing. "Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss," the Court should "grant[] the motion to stay" summary judgment briefing. *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013). Where the "District

Court ha[s] no jurisdiction," Defendants "should not be put to the trouble and expense of any further proceeding, and the time of the court should not be occupied with any further proceeding." *United Transp. Serv. Employees of Am., CIO v. Nat'l Mediation Bd.,* 179 F.2d 446, 453–54 (D.C. Cir. 1949) ("the court should have granted the motions to dismiss and omitted to pass upon the motions for summary judgment"). Neither the Court's nor the parties' time is well served by engaging in a "struggle over the substance of the suit" when a dispositive jurisdictional motion is pending. *Democratic Rep. of Congo v. FG Hemisphere Assocs.*, LLC, 508 F.3d 1062, 1064 (D.C. Cir. 2007). The dispositive jurisdictional deficiencies are compounded by the Complaint's failure to state a viable cause of action, which provides a separate basis for dismissal prior to summary judgment.

Because Defendants' motion to dismiss, if granted, would put an end to this litigation, scarce governmental resources would be wasted by forcing Defendants to address the substance of Plaintiffs' motion for summary judgment at this time. Courts in this District thus routinely stay consideration of motions for summary judgment pending the resolution of threshold motions to dismiss. *E.g.*, *Baginski v. Lynch*, 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (deferring consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Cierco v. Lew*, 190 F. Supp. 3d 16, 21 (D.D.C. 2016), *aff'd on other grounds sub nom. Cierco v. Mnuchin*, 857 F.3d 407 (D.C. Cir. 2017) (same); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), *aff'd*, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction

4

and justiciability"). The Court has likewise stayed summary judgment briefing when plaintiffs sought judgment before the government had issued a final action. *Nat'l Wildlife Fed'n v. Lohr*, No. 19-CV-2416 (TSC), 2024 WL 727695, at *3 (D.D.C. Feb. 22, 2024), *dismissed sub nom. Nat'l Wildlife Fed'n v. Crosby*, No. 24-5282, 2025 WL 1352054 (D.C. Cir. May 5, 2025).

**3.** "[B]alancing the hardships to each party also favors a stay." *9REN Holding*, 2020 WL 5816012, at *3. Denying a stay would not only harm Defendants by wasting scarce governmental resources briefing a potentially unnecessary summary judgment motion, but it would also force Defendants to respond to a statement of material facts speculating about how NPS will ultimately wield its discretion before NPS has made a final decision about how to act. *See* Dkt. 36-2. "[C]ourts must not interfere with the executive function, whether exercised by executive officials or administrative agencies, by entertaining a lawsuit that challenges an action that is not final." *Transp. Robert (1973) LTEE v. U.S. I.N.S.*, 940 F. Supp. 338, 340 (D.D.C. 1996) (citing *Nat'l Automatic Laundry & Cleaning Council v. Shultz*, 443 F.2d 689, 698 (D.C. Cir. 1971)). Allowing judicial review of mere plans before NPS has acted to implement those plans "would wreak havoc with the normal operations of agencies and the executive branch." *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 20–21 (D.C. Cir. 2006).

Further, briefing summary judgment at this juncture would deprive Defendants of their right to depose Plaintiffs to evaluate their alleged standing to bring this case. *See* Fed. R. Civ. P. 56 (d) (authorizing the Court to "defer considering" or "deny" a summary judgment motion when the nonmovant "cannot present facts essential to justify its opposition"); *Baginski*, 229 F. Supp. 3d at 57–58 (denying summary judgment motion without prejudice "to allow the government to take the discovery that it has asserted it needs"). Defendants would thus face severe harm from

5

being required to brief summary judgment before the Court has ruled on their pending, fully briefed motion to dismiss.

Plaintiffs, in contrast, would suffer no harm from the requested stay. Plaintiffs' only alleged injuries are tied to arch *construction*, not arch planning. *See* Dkt. 36-2, at 6 ("Construction of the arch will injure Plaintiffs."). Because arch construction won't proceed unless and until NPS issues a final agency action authorizing such construction, Plaintiffs will not be injured by the requested stay. *See* Dkt. 26. And should NPS issue such a decision, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Because Plaintiffs would need to brief a different summary judgment motion raising claims under the Administrative Procedure Act, based on a different record, against the statutory scheme existing when NPS acts, they achieve no benefit from litigating summary judgment now. Thus, deferring summary judgment briefing would not prejudice Plaintiffs.

## II.    Alternatively, The Court Should Extend Defendants' Deadline To Respond To Plaintiffs' Summary Judgment Motion.

Alternatively, Defendants respectfully request that that the Court extend their deadline to respond to Plaintiffs' summary judgment motion to 21 days after the Court rules on the foregoing motion to stay. Under the local rules, Defendants' response to the summary judgment motion is due by June 10, which is an insufficient period for Defendants to respond to Plaintiffs' 212-page filing, while allowing for necessary coordination within the Executive Branch. To prevent Defendants from incurring prejudice while the Court considers the foregoing motion to stay, the

6

Court should extend their deadline to respond to Plaintiffs' summary judgment motion by 21 days from the date the Court rules on the stay motion.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court stay briefing on Plaintiffs' summary judgment motion pending resolution of Defendants' motion to dismiss. Alternatively, Defendants respectfully request that the Court extend their deadline to respond to Plaintiffs' summary judgment motion by 21 days from the date the Court rules on the foregoing stay motion.

DATE: June 2, 2026                          Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

 /s/ Michael S. Sawyer
MICHAEL S. SAWYER, Senior Attorney
DANIEL LUECKE, Trial Attorney
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-353-5134
E-mail: michael.sawyer@usdoj.gov
             daniel.luecke@usdoj.gov

*Counsel for Defendants*

7