**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 26-cv-544 (TSC) |
| ) | |
| DONALD J. TRUMP, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO STAY SUMMARY JUDGMENT BRIEFING OR,**
**ALTERNATIVELY, TO EXTEND THEIR RESPONSE DEADLINE**

On May 27, 2026, Plaintiffs Michael Lemmon, Shaun Byrnes, Jon Gundersen, and Calder Loth filed a motion for summary judgment on their claims that Defendants President Donald J. Trump, Domestic Policy Council Director Vince Haley, Executive Office of the President, and National Park Service (NPS) are acting unlawfully by working to build an unauthorized arch in Memorial Circle. Defendants now seek to delay resolution of that motion by moving for a stay of the briefing schedule or, alternatively, an extension of their June 10 response deadline to twenty-one days after the Court rules on their stay motion. ECF 37. In the meantime, work toward the unlawful arch continues.

This Court should deny Defendants' motion to stay the briefing on Plaintiffs' motion for summary judgment. That said, Plaintiffs do not oppose a one-week extension, to June 17, for Defendants to file their opposition to the summary judgment motion.[1]

---

[1] Defendants separately filed a motion asking this Court to expedite consideration of their stay motion. ECF 38. Plaintiffs do not oppose that motion.

1

**BACKGROUND**

Plaintiffs filed this lawsuit on February 19, after President Trump made public statements that construction of a triumphal arch in Memorial Circle would imminently begin. *See* ECF 1 ¶¶ 34–36. Plaintiffs then moved promptly for a preliminary injunction to bar construction of the arch during the pendency of the lawsuit. ECF 7. After this Court held a hearing on the motion, Plaintiffs consented to the dismissal of the motion without prejudice, in exchange for assurances from Defendants that NPS would provide public notice upon authorizing the arch and at least fourteen days' notice prior to beginning construction. This Court entered an order reflecting the parties' agreement on April 8. ECF 26.

Defendants thereafter filed a motion to dismiss. ECF 31. The motion is fully briefed, ECF 33, 35, and it is currently pending with the Court.

In the meantime, Defendants have moved rapidly to advance the arch toward construction. They have performed on-the-ground surveying and testing at Memorial Circle in preparation for construction of the arch. *See* ECF 32-1 ¶¶ 5–7. They have requested a formal aeronautical study from the Federal Aviation Administration to assess the impact that a 250-foot arch in Memorial Circle will have on air traffic. *See* ECF 36-13. Less than two weeks ago, they secured final approval for the arch from the Commission of Fine Arts. *See* Comm'n of Fine Arts, *CFA Meeting—21 May 2026* (linked "Meeting Recording" at 2:13:23–2:13:51).[2] Tomorrow, they will present the arch for the approval of the National Capital Planning Commission. *See* ECF 36-14.

On May 27, in the face of Defendants' continued progress toward constructing the arch, Plaintiffs filed a motion for summary judgment. ECF 36. As Plaintiffs' motion explains, the material facts are not in dispute: Defendants are working to construct a 250-foot arch in Memorial

---

[2] https://cfa.gov/records-research/record-cfa-actions/2026/05/cfa-meeting.

Circle to commemorate the Nation's 250th anniversary, and the only statutory authorization that Defendants have invoked in support of their actions is a 1925 law that directed the construction of Arlington Memorial Bridge—a project that was completed over ninety years ago. Given these undisputed facts, Plaintiffs are entitled to judgment as a matter of law on both of their legal claims: Defendants' actions are ultra vires, and President Trump is violating his constitutional duty to take care that Congress's laws be faithfully executed.

Defendants now seek to delay resolution of Plaintiffs' motion for summary judgment by asking this Court to stay briefing until after this Court's resolution of Defendants' pending motion to dismiss. In the alternative, Defendants seek an extension of their June 10 response deadline until twenty-one days after this Court rules on their stay motion.

## ARGUMENT

**1.** This Court should reject Defendants' request to stay briefing on Plaintiffs' motion for summary judgment pending a decision on Defendants' motion to dismiss. In the circumstances of this case, a stay would introduce delay and increase the likelihood of emergency proceedings without advancing the interest of judicial economy.

Defendants' motion to dismiss addresses the same issues that are presented in Plaintiffs' motion for summary judgment: Both motions ask the Court to assess whether Plaintiffs have standing. Both motions ask the Court to assess whether Defendants are engaged in ultra vires action by pursuing construction of an arch in Memorial Circle. Both motions ask the Court to assess whether the Commemorative Works Act and 40 U.S.C. § 8106 prohibit the planned construction. And both motions ask the Court to assess whether the President's actions to pursue construction violate his duties under the U.S. Constitution's Take Care Clause.

Having both motions before the Court at the same time, therefore, will enable the Court to consider and resolve those arguments most efficiently. Defendants offer no argument to the contrary. Defendants do not argue, for example, that the case may turn on factual disputes or that resolving Plaintiffs' summary judgment motion will require the Court to confront complex legal or factual issues that a ruling on Defendants' motion to dismiss might otherwise obviate. Instead, Defendants point out that their motion to dismiss involves "a threshold jurisdictional challenge." ECF 37 at 3. Defendants' motion to dismiss, however, *also* extensively addresses the case's merits. Whether or not briefing on Plaintiffs' motion for summary judgment proceeds, then, the government has already briefed—and this Court may need to resolve—the "substance" that Defendants claim they do not wish to spend "scarce governmental resources" addressing. *Id.* at 4.

Defendants also mischaracterize Plaintiffs' summary judgment motion as requiring this Court to "speculat[e] about how NPS will ultimately wield its discretion" with respect to the arch. *Id.* at 5. Plaintiffs' position is that Defendants are *currently* engaged in ultra vires action (and, in the case of the President, unconstitutional action) by taking concrete steps to advance a construction project that Congress has not authorized them to undertake. Defendants identify no reason why delay will facilitate resolution of Plaintiffs' claims.

In contrast to the nugatory benefits of Defendants' requested stay, its costs would be substantial. With every passing day, Defendants' arch moves closer to construction. And once NPS has filed notice that construction is about to begin, Plaintiffs will be constrained to move for interim relief, thus forcing this Court's resolution of the case's legal issues into an emergency posture. Rather than withholding judgment on Plaintiffs' summary judgment motion and thereby increasing the likelihood of emergency proceedings down the road, this Court should maintain a

4

briefing schedule that will permit it to assess Plaintiffs' motion promptly, and concurrently with the motion to dismiss.

Defendants contend, without elaboration or explanation, that proceeding to adjudicate Plaintiffs' summary judgment motion would risk "disclosure of internal Executive Branch deliberations." *Id.* at 2. Plaintiffs, however, have not sought discovery from Defendants and rest their summary judgment motion on the case's existing record. Indeed, Defendants would be ill served by delaying resolution of Plaintiffs' claims, as Defendants are currently expending substantial resources to advance a project that this Court might ultimately conclude is unlawful.

**2.** In the alternative, Defendants ask that their deadline for responding to Plaintiffs' summary judgment motion be delayed until twenty-one days after this Court rules on Defendants' motion to stay. Although Plaintiffs do not oppose a modest extension as a professional courtesy, Plaintiffs again emphasize that Defendants' rapid progress toward construction of the arch counsels in favor of prompt briefing and resolution of Plaintiffs' summary judgment motion. Particularly given the near-total overlap between the issues presented by the motion and the issues that Defendants have already briefed in connection with their motion to dismiss, Plaintiffs submit that an extension of Defendants' response deadline beyond June 17 is unwarranted.

### CONCLUSION

This Court should deny Defendants' motion to stay briefing on Plaintiffs' motion for summary judgment. In addition, this Court should deny Defendants' alternative request to extend the deadline for responding to Plaintiffs' motion for summary judgment for twenty-one days after the Court's ruling.

Dated: June 3, 2026                    Respectfully submitted,


                                       /s/ Nicolas A. Sansone
                                       Nicolas A. Sansone (DC Bar No. 1686810)
                                       Wendy Liu (DC Bar No. 1600942)
                                       Allison M. Zieve (DC Bar No. 424786)
                                       Public Citizen Litigation Group
                                       1600 20th Street NW
                                       Washington, DC 20009
                                       (202) 588-1000

                                       *Counsel for Plaintiffs*