**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Civil Action No. 26-cv-544 (TSC) |

On August 11, 2026, Plaintiffs filed a Notice of Supplemental Authority, Dkt. 52 ("Notice"), to call the Court's attention to the D.C. Circuit's recent decision in *National Trust for Historic Preservation in the United States v. National Park Service* ("*National Trust*"), No. 26-5123, 2026 WL 2276494 (D.C. Cir. Aug. 7, 2026), *application for stay filed*, No. 26A203 (U.S. Aug. 13, 2026). On August 21, the Chief Justice stayed the D.C. Circuit's preliminary injunction pending further order from the Chief Justice or the Supreme Court. *National Park Service v. National Trust for Historic Preservation in the United States*, No. 26A203, 2026 WL 2451222 (U.S. Aug. 21, 2026). Regardless, even if the D.C. Circuit's decision survives appeal, Plaintiffs' attempt to leverage *National Trust* ignores key distinctions with this case and misapplies that decision's reasoning. *National Park* does not remedy the fatal flaws in Plaintiffs' suit.

*First*, Plaintiffs' insistence that *National Trust* supports its assertion of standing based on aesthetic injury is misguided for multiple reasons. Notice 1–2. Most fundamentally, while the majority in *National Trust* found that harm was imminent because construction on the White House ballroom was scheduled to "start right away[,]" 2026 WL 2276494, at *37, no

construction schedule exists for the arch project because it has not even been *authorized* by the National Park Service (NPS). Defs.' Mem. in Opp. to Pls.' Mot. for Summ. J. and in Supp. of Defs.' Cross-Mot. for Summ. J. ("Cross-Mot.") 14–19, Dkt. 44-1. So, unlike *National Trust*, Plaintiffs in this case can only speculate as to when any aesthetic injury they could face would become imminent. Plaintiffs do not—and could not—suggest that *National Trust* in any way solves their imminence problem.

In addition to ignoring this dispositive distinction between the two cases, Plaintiffs gloss over other key differences as well. For example, the D.C. Circuit found that the declarant in *National Trust* had "concrete plans to travel to the area around the White House . . . about once a month." 2026 WL 2276494, at *15 n.5 (citation modified). Plaintiffs here, by contrast, describe no specific plans to visit a location where they would be able to see the arch in the future. *See* Cross-Mot. 18–19. And while the declarant in *National Trust* professed plans to view the White House while touring Lafayette Square and while walking to specific meetings, 2026 WL 2276494, at *37, no Plaintiff here has described anything more than vague intentions to visit Arlington National Cemetery, much less a place within the cemetery where the view of the Lincoln Memorial would be obstructed, Defs.' Reply in Supp. of Defs.' Mot. for Summ. J. ("Reply") 12, Dkt. 51. This failure to establish a concrete and particularized injury dooms Plaintiffs' standing regardless of what the majority in *National Trust* held.

Nor does *National Trust* upset the established precedent that "incidentally view[ing] something unpleasant" while passing through an area is insufficient to establish standing. *Env't Def. Fund v. Fed, Energy Regul. Comm'n* ("*EDF*"), 2 F.4th 953, 970 (D.C. Cir. 2021). Just as before *National Trust*, establishing standing requires Plaintiffs to do more than assert that they

"regularly use and enjoy the area around Memorial Circle[.]" Notice 2. Plaintiffs here have not done so.

The Court should also reject Plaintiffs' attempt to shoehorn new standing arguments into their Notice of Supplemental Authority. Plaintiffs cite Appendix D to an NPS document titled *Triumphal Arch—Section 106 Assessment of Effect and Draft Programmatic Agreement* in support of their standing argument. Notice 2–3 & n.1. But while Plaintiffs cited this document in their Opposition to Defendants' Cross-Motion for Summary Judgment, Dkt. 49 at 7 n.3, they did not do so to in support of standing, nor did they specifically refer to Appendix D. Because a party "cannot rely on a notice of supplemental authority" to assert a theory that it "did not raise . . . in [its] opening brief," the Court should disregard this citation and argument. *United States v. Mostofsky*, 579 F. Supp. 3d 9, 24 (D.D.C. 2021); *see also Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 64 (D.D.C. 2011), *aff'd*, No. 11-5231, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012). In any event, NPS's views on potential adverse effects cannot resuscitate Plaintiffs' theory, which fails to show an imminent injury that's concrete and particularized.

*Second*, Plaintiffs' attempt to leverage *National Trust*'s holding on the availability of *ultra vires* relief again ignores a key defect with the claims in this case—namely, that they challenge a project that will not begin unless and until NPS approves it. Notice 3–4. As Defendants have explained, *ultra vires* review is unavailable if "a statutory review scheme provides" the plaintiff "with a meaningful and adequate opportunity for judicial review." Cross-Mot. 26 (quoting *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025)). Plaintiffs' exclusive focus on the reasonableness of Defendants' construction of the 1925 Act, Pub. L. No. 68-463, § 1, 43 Stat. 974, 974, and 40 U.S.C. § 8106, skips this threshold inquiry, which was not at issue in *National Trust*. 2026 WL 2276494, at *25 (noting that the appellee's claim could not

"proceed under the APA because the President is not an 'agency' subject to APA review"). Because it is clear that Plaintiffs would be able to bring an APA claim against NPS if and when the arch project is authorized, Plaintiffs cannot clear a dispositive barrier that has nothing to do with *National Trust*. Cross-Mot. 26–28.

In any event, *National Trust* sheds no light on the reasonableness of Defendants' interpretation of the 1925 Act, a statute not raised in *National Trust*. Instead, *National Trust* primarily concerns the interpretation of 3 U.S.C. § 105(d), which the majority (incorrectly) determined is solely an "appropriation authorization" that does not itself "grant powers to the Executive." 2026 WL 2276494, at *27. This is a far cry from the 1925 Act, which "encompasses authorization to construct and redesign two large columns surmounted by statues in the very location of the proposed arch[.]" Cross-Mot. 28. Defendants' interpretation of this statutory provision is not only reasonable but correct.

*Third*, the majority's analysis of the equities in *National Trust* is inapplicable to this case, which arises in a unique factual context. Balancing the equities in "a given case" requires a "fact-specific analysis of the equities in that case." *Kim v. Fin. Indus. Regul. Auth., Inc.*, 698 F. Supp. 3d 147, 160–61, 173 n.25 (D.D.C. 2023) (citation omitted). How the majority balanced the equities in *National Trust* is thus irrelevant to whether a *permanent* injunction should issue in this case, which is now at the summary judgment—not preliminary injunction—stage. *See* Consent Order, Dkt. 26. Here, as Defendants have explained, Plaintiffs impermissibly seek relief against the President and his direct subordinates based on dinner remarks and social media posts. Reply. 24–25. And Plaintiffs further seek a broad injunction on *all* planning and construction related to the arch project despite failing to demonstrate that anything short of a near-completed arch would actually obstruct their view of the Lincoln Memorial. *Id.* at 23–24. While itself

misguided, *National Trust*'s holding on the equities has no bearing on the Motions pending before the Court.[1]

For all these reasons, *National Trust* does not alter the outcome of this case.

DATE: August 24, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

*/s/ Daniel Luecke*
DANIEL LUECKE, Trial Attorney
MICHAEL S. SAWYER, Senior Attorney
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-598-7863
E-mail: daniel.luecke@usdoj.gov
michael.sawyer@usdoj.gov

*Counsel for Defendants*

[1] In addition, for the reasons described *supra*, the Court should disregard Plaintiffs' equities argument predicated on Appendix D to NPS's § 106 assessment for the arch.