**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Michael Lemmon, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Donald J. Trump, *et al.*,<br><br>Defendants. | No. 1:26-cv-00544 |

**DECLARATION OF MICHAEL S. SAWYER**

I, Michael S. Sawyer, declare the following:

1. I am a Senior Trial Attorney in the Natural Resources Section, Environmental and Natural Resources Division, United States Depart of Justice, and the primary counsel of record for Defendants in the above-captioned matter. Except to the extent otherwise indicated, I make the statements in this declaration based on personal knowledge.

2. At 1:50 PM on September 4, 2026, I received an email from Nick Sansone, lead counsel for Plaintiffs. That email attached Plaintiffs' motion for a temporary restraining order (TRO), which Mr. Sansone's email stated he was "filing imminently." Plaintiffs' counsel made no prior attempt to contact Defendants' counsel concerning their TRO motion.

3. After skimming Plaintiffs' motion, I promptly called Mr. Sansone at 1:53 PM to clarify that the excavation announcement that prompted Plaintiffs' TRO motion was archaeological excavation previously disclosed by the National Park Service (NPS), not construction excavation. Shortly into my discussion with Mr. Sansone, I received an ECF notification that Plaintiffs had already filed their TRO motion, obviating my attempt to confer with Mr. Sansone.

4. Given the purported "emergency" nature of Plaintiffs' motion, Defendants filed a notice regarding that TRO motion at 4:18 PM. Notice Regarding Application for TRO, Dkt. 57. That notice contained the same clarification about the anticipated archaeological excavation that I attempted to communicate to Mr. Sansone during a pre-motion conferral. And that notice explained that it was "not Defendants' opposition" to the TRO motion. *Id.*

5. After filing that notice, I emailed Mr. Sansone at 5:07 PM to request that Plaintiffs withdraw their TRO motion for violating Local Civil Rule 7(m), which mandates that counsel discuss "any non-dispositive motion in a civil action" "with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." That discussion must occur "[b]efore filing" the motion. LCvR 7(m).

6. At 9:04 PM, the Court issued its Minute Order "[u]pon consideration of Plaintiff's [56] Motion for Temporary Restraining Order; the representations in Defendants' [57] Notice, including the statements in the sworn Declaration of Jennifer Nersesian, Regional Director for the National Park Service, National Capital Region; and the full record in this case."

7. After the Court issued its Minute Order, Mr. Sansone responded to my email asserting that Defendants' withdrawal request was moot following the Court's Minute Order.

8. I responded to Mr. Sansone that Defendants' withdrawal request was not moot as the Court had not yet formally ruled on Plaintiffs' TRO motion.

9. Mr. Sansone responded with Plaintiffs' position that "the Court's minute order was intended to fully resolve Plaintiffs' motion." He further stated that Plaintiffs "would be happy" for Defendants to "represent in [their] filing that Plaintiffs understand the minute

order to have fully resolved the TRO motion and do not seek further relief in connection with that motion."

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATE: September 10, 2026

*/s/ Michael S. Sawyer*

MICHAEL S. SAWYER, Senior Attorney
Energy and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-353-5134
E-mail: michael.sawyer@usdoj.gov

*Counsel for Defendants*