**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL LEMMON *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP *et al.*,

*Defendants*.

Civil Action No. 26-CV-544 (TSC)

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* NATIONAL PARKS CONSERVATION ASSOCIATION *ET AL.* IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

*Amici curiae* National Parks Conservation Association, National Trust for Historic Preservation in the United States, the American Institute of Architects, the Coalition to Protect America's National Parks, the Committee of 100 on the Federal City, the Cultural Landscape Foundation, and the DC Preservation League respectfully move for leave to file the attached proposed brief in support of Plaintiffs Michael Lemmon, Shaun Byrnes, Jon Gundersen, and Calder Loth's Motion for Preliminary Injunction in the above-captioned case. Counsel for Plaintiffs has consented to the filing of *amici*'s brief. Defendants consented to the filing as to the National Parks Conservation Association but claimed they had insufficient time to form a position as to the filing by other *amici* whose identities were disclosed to Defendants the afternoon this brief was filed.

## ARGUMENT

### I. LEGAL STANDARD

This Court has "wide discretion in deciding whether to grant a third party leave to file an amicus curiae brief." *In re Search of Info. Associated with [redacted]@mac.com that is Stored*

*at Premises Controlled by Apple*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014); *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007) (similar). Courts in this district have exercised their "broad discretion" to allow *amicus* participation by *amici* with "relevant expertise and a stated concern for the issues at stake" where a court finds that "it may benefit from their input" in deciding the case. *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [*amicus*] input").

*Amicus* participation "should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Mashpee Wampanoag Tribe v. Bernhardt*, 2020 WL 2615523, at *1 (D.D.C. May 22, 2020) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also In re Search of Info.*, 13 F. Supp. 3d at 167 (same). Local Civil Rule 7(o)(2) requires potential *amici* to set forth the reasons why their brief "is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." LCvR 7(o)(2). It directs that motions for leave to file must be filed "in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." *Id.* The proposed *amicus* brief satisfies these requirements.

## II. THE PROPOSED BRIEF IS DESIRABLE AND RELEVANT TO THE DISPOSITION OF THE CASE

This case concerns federal actions affecting many National Historic Landmarks located within one of the country's most significant civic and commemorative landscapes. The issues presented extend beyond the immediate parties and raise important questions regarding compliance with the procedural requirements under NEPA, the NHPA, and other related federal laws. Those requirements exist to ensure that agencies fully evaluate impacts, consider

alternatives, consult with affected stakeholders, and provide meaningful opportunities for public participation before undertaking actions that may permanently alter historic resources and public lands.

Because this Court's resolution of this case may influence the protection of historic places, the administration of the Section 106 process, and the stewardship of nationally significant historic resources, *amici curiae* have a substantial interest in assisting the Court's consideration of the issues presented. As discussed below, each *amicus* brings a unique and valuable perspective, distinct from those of the parties.

*Amicus* **National Parks Conservation Association ("NPCA")** is a non-partisan, non-profit organization whose mission is to provide an independent voice for protecting and enhancing America's National Park System for present and future generations. NPCA and its 1.9 million members and supporters use, enjoy, and work to conserve National Parks. As a leading advocate on behalf of the National Parks for over 100 years, NPCA is actively engaged in protecting the public's access to and enjoyment of public spaces, including through its decades-long stewardship of many sites of national and historical importance, including George Washington Memorial Parkway, Arlington National Cemetery, the National Mall, and other national park units throughout the National Capital Region. NPCA was a Section 106 consulting party on the proposed Triumphal Arch and submitted comments on it to the National Capital Planning Commission.

*Amicus* **National Trust for Historic Preservation in the United States** is a privately funded nonprofit organization chartered by Congress in 1949 to "facilitate public participation" in the preservation of the Nation's historic resources, and to further the historic preservation policy of the United States. 54 U.S.C. § 312102(a). For more than seventy-five years, and with

more than one million members and supporters, the National Trust has worked to protect historic buildings, neighborhoods, cultural landscapes, archaeological sites, and other places of significance in the United States through advocacy, education, stewardship, and litigation.

The National Trust has a unique institutional interest as a congressionally appointed member of the Advisory Council on Historic Preservation, the independent federal agency charged with administering the Section 106 process and promoting the preservation of the Nation's historic resources. 54 U.S.C. §§ 304101(a)(9), 304108(a). The National Trust has a longstanding interest in the interpretation and enforcement of federal laws designed to protect historic and cultural resources, including the National Historic Preservation Act, the National Environmental Policy Act, and related statutes governing federal decision-making affecting public lands and historic places.

The National Trust frequently participates as *amicus curiae* in cases presenting issues of national significance concerning historic preservation, environmental review, and the stewardship of public resources. The National Trust also regularly participates in NHPA Section 106 consultation proceedings throughout the country and has a substantial interest in ensuring that the procedural protections established by Congress are faithfully observed. More specifically, the National Trust participated as a consulting party in the Section 106 review led by the National Park Service for the Arch and has submitted comments at all stages of that review, beginning on June 15, 2026. The National Trust also submitted testimony repeatedly to the National Capital Planning Commission and the Commission of Fine Arts in connection with their review of the proposed Arch.

*Amicus* **The American Institute of Architects** ("AIA"), a New York not-for-profit organization founded in 1857, unites architects in fellowship; promotes the aesthetic, scientific,

and practical efficiency of the profession; advances the science and art of planning and building; and makes the profession of ever-increasing service to society. In pursuit of its mission, AIA and its members serve as a unified voice in preserving the historic integrity and symbolic significance of national landmarks. Members of the AIA—who include over 100,000 architects and design professionals—have a deep appreciation of the aesthetic, cultural, professional, and educational benefits from the preservation of the Nation's historic and architectural resources. The AIA takes legal action to protect threatened sites of cultural and architectural value when necessary. *See, e.g.*, *D.C. Pres. League v. Bd. of Trs. of the John F. Kennedy Ctr. for the Performing Arts*, No. 26-cv-00981 (D.D.C. 2026). The AIA also has participated as *amicus curiae* in the federal courts. *See, e.g.*, *United States v. Ellerbe Becket, Inc.*, 976 F. Supp. 1262 (D. Minn. 1997). The AIA and its members derive aesthetic, cultural, professional, and educational benefits from the preservation of the historic and architectural values of Arlington Memorial Bridge and Memorial Circle. The AIA and its members regularly participate in consultation and review processes to advance its mission and the interests of its members, including matters involving federal agencies such as the National Park Service, and specifically including landmarks and cultural landscapes in the Nation's Capital.

*Amicus* the **Coalition to Protect America's National Parks** (the "Coalition") is a 501(c)(3) nonprofit organization made up of more than 5,000 members and supporters, including current, former, and retired employees and volunteers of the National Park Service. Together, the Coalition's members have accumulated over 50,000 years of experience among them caring for America's most valuable natural and cultural resources. The Coalition's goal is to support the preservation and protection of the National Park System and the mission-related programs of the National Park Service to ensure the survival of the park system for generations to come. The

Coalition's members are regular and avid users of the National Park System and Park Service programs, as well as national forests and other public lands, for recreation and conservation activities. The Coalition and its members regularly participate in consultation and review processes to ensure protection of significant landmarks and cultural landscapes of the National Park System, and the Coalition takes legal action to protect America's national parks both as a party and as *amicus curiae*. *See, e.g.*, *Nat'l Parks Conservation Ass'n v. U.S. Dep't of the Interior*, No. 1:26-cv-10877 (D. Mass. filed Feb. 17, 2026); *Nat'l Parks Conservation Ass'n v. Semonite*, 916 F.3d 1075 (D.C. Cir. 2019). The Coalition also submitted comments to the National Capital Planning Commission and the Commission of Fine Arts in connection with their review of the proposed Arch.

*Amicus* **The Committee of 100 on the Federal City** is a District of Columbia nonprofit civic organization founded in 1923 to advance thoughtful planning and preservation in the nation's capital. The Committee of 100 regularly participates in consultation and review processes under Section 106 of the National Historic Preservation Act, 54 U.S.C. § 306108, and under the National Environmental Policy Act, 42 U.S.C. §§ 4321–4347, and also takes legal action to protect threatened cultural sites in the District of Columbia. Members of the Committee of 100 use and enjoy the many public grounds, cultural landscapes, historic sites and districts, and other resources that will be adversely affected by the construction of the proposed Triumphal Arch. In order to advance those interests, the Committee of 100 participated as a Consulting Party under 36 C.F.R. § 800.6(a)(2) with respect to the Department of the Interior's review of the Triumphal Arch proposal, through engagement with the National Park Service and the Advisory Council on Historic Preservation in meetings and through the submission of comments. The Committee of 100 also submitted detailed comments to the National Capital

Planning Commission and the Commission of Fine Arts in connection with their respective reviews of the proposed Triumphal Arch.

*Amicus* **The Cultural Landscape Foundation** ("TCLF") is a Washington, D.C.-based 501(c)(3) nonprofit organization founded in 1998 to "connect people to places." TCLF educates and engages the public to make our shared landscape heritage more visible, identify its value, and empower its stewards. Through its publications, events, and prestigious Cornelia Hahn Oberlander International Landscape Architecture Prize, TCLF broadens support and understanding for cultural landscapes. TCLF also takes legal action to protect threatened cultural landscapes when necessary. *See, e.g.*, *Cultural Landscape Found. v. U.S. Dep't of the Interior*, No. 26-cv-01593 (D.D.C. 2026); *Pres. All. of Minn. v. City of Minneapolis*, No. 27-CV-12-14220 (Minn. Dist. Ct. 2013). The Cultural Landscape Foundation's Founding President & CEO, Charles A. Birnbaum, is a recognized authority on the nation's cultural landscape legacy and has published extensively on the history and stewardship of landscape architecture. As Coordinator of the Historic Landscape Initiative at the National Park Service (1992-2007), he authored the *Secretary of the Interior's Guidelines for the Treatment of Cultural Landscapes*, which set the national standard for determining appropriate treatments for these important properties. TCLF and Mr. Birnbaum regularly participate in consultation and review processes to ensure protection of significant landmarks and cultural landscapes in Washington, D.C., including those involving federal agencies such as the National Park Service. TCLF participated as a Consulting Party under 36 C.F.R. § 800.6(a)(2) with respect to the Department of the Interior's review of the Triumphal Arch proposal, through engagement with the National Park Service and the Advisory Council on Historic Preservation in meetings and through the submission of comments. TCLF also submitted detailed comments to the National Capital

Planning Commission and the U.S. Commission of Fine Arts in connection with their respective reviews of the proposed Triumphal Arch.

*Amicus* **The DC Preservation League** ("DCPL") is a District of Columbia nonprofit 501(c)(3) membership organization dedicated to the preservation, protection, and enhancement of the historic buildings, structures, and landscapes in Washington, D.C., through advocacy and education. DCPL carries out its mission through research and documentation, review of major development projects in D.C.'s historic districts or affecting individual landmarks, and by monitoring legislation that impacts historic preservation laws. DCPL also takes legal action to protect threatened cultural sites in the District of Columbia when necessary. *See, e.g.*, *Cultural Heritage Partners v. Trump*, No. 25-cv-03969 (D.D.C. 2025). Members of DCPL include residents, architects, historians, landscape architects, architectural historians, and others who derive aesthetic, cultural, professional, and educational benefits from the preservation of the historic and architectural values of Arlington Memorial Bridge, Memorial Circle, and the Lincoln Memorial. DCPL regularly participates in consultation and review processes to ensure protection of significant landmarks and cultural landscapes in Washington, D.C., including those involving federal agencies such as the National Park Service.

## III. THE PARTIES DO NOT ADEQUATELY REPRESENT *AMICI*'S INTERESTS

*Amici* bring the perspective of the broader public that uses, enjoys, and works to conserve the Parks. As leading advocates on behalf of the Parks, *amici* have a long and nuanced understanding of the statutory provisions that undergird the creation and preservation of projects such as the proposed Arch. Accordingly, *amici*'s proposed brief provides context to the statutory framework governing commemorative works in the District of Columbia, demonstrating that each of the relevant statutes was designed to ensure that permanent additions to the Nation's

most significant public spaces reflect democratic consensus, sound design, and respect for existing memorials.

## IV. THE BRIEF IS TIMELY

This Motion and attached *amicus* brief are being submitted within a few days of the principal brief of the party being supported and two days before the opposition brief is due. *Amici* accelerated the filing of this brief at Defendants' request.

## CONCLUSION

For the foregoing reasons, *amici curiae* respectfully request that the Court grant their Motion to file the attached brief.

Respectfully submitted,

/s/ *Lauren M. Weinstein*

Lauren M. Weinstein (Bar No. 1035184)
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel: (202) 383-5300
lweinstein@omm.com

Kaitlyn Gosewehr
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel: (415) 984-8815
kgosewehr@omm.com
*Pro Hac Vice Forthcoming*

Thomas M. Harris
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
Tel: (949) 823-6933
clintharris@omm.com
*Pro Hac Vice Forthcoming*

Harmukh Singh
O'MELVENY & MYERS LLP
401 West 4th Street, Suite 3300
Austin, TX 78701
Tel: (737) 261-8643
hsingh@omm.com
*Pro Hac Vice Forthcoming*

Marion F. Werkheiser (Bar No. 486465)
Charles N. Curlett, Jr.
Caitlin McCurdy
Katherine Lee Sorrell
CULTURAL HERITAGE PARTNERS, PLLC
1717 Pennsylvania Avenue NW, Suite 1025
Washington, DC 20006
Tel: (202) 567-7594

*Counsel for* Amici Curiae

**CERTIFICATE OF SERVICE**

On October 26, 2026, this motion and the attached brief were served via ECF on all counsel of record and transmitted to the Clerk of the Court.

/s/ *Lauren M. Weinstein*
Lauren M. Weinstein