**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Civil Action No. 26-cv-544 (TSC)<br><br>**DEFENDANTS' NOTICE REGARDING DECLARANTS' UNAVAILABILITY** |

Defendants filed their opposition to Plaintiffs' motion for a preliminary injunction earlier today. In support of their opposition, Defendant submitted declarations from the Secretary of Homeland Security and the Secretary of War. The Court's October 27, 2026 minute order—entered after Defendants had prepared the supporting declarations but before Defendants had filed them—directed that "[a]ll declarants must be available, either in person or by zoom" for the preliminary injunction hearing scheduled for Friday, October 30, 2026. Defendants respectfully submit this notice that the Secretaries of War and Homeland Security are unavailable to testify at the hearing on October 30, 2026.

"The duties of high-ranking executive officers should not be interrupted by judicial demands for information that could be obtained elsewhere." *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (issuing writ of mandamus to stop deposition of Vice President's Chief of Staff). Under this "apex doctrine," "cabinet-level officials undoubtedly qualify for protection." *United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021); *see also In re Dep't of Com.*, 586 U.S. 956, 956 (2018) (staying examination of Secretary of Commerce).

Such "top executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions," *Simplex Time Recorder Co. v. Sec'y of Lab.*, 766 F.2d 575, 586 (D.C. Cir. 1985) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941)), as "judicial inquiry into 'executive motivation' represents 'a substantial intrusion' into the workings of another branch of Government and should normally be avoided," *Dep't of Com. v. New York*, 588 U.S. 752, 781, (2019) (quoting A*rlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 268, n. 18 (1977)). Examining such officials not only distracts them from their official duties, but it would discourage others from filling important government roles. *Newman*, 531 F. Supp. 3d at 188. Here, the Court simply issued a minute order—less than 24 hours before Defendants' brief was due but was substantially complete—that all declarants be available to testify at a hearing three days later. That blanket order did not state a need for specific testimony from high-ranking executive officers, much less establish "extraordinary circumstances" that would justify testimony from the Secretaries of War and Homeland Security.

Beyond the apex doctrine, "the Government has a legitimate interest in protecting" "'military matters which, in the interest of national security, should not be divulged.'" *Boumediene v. Bush*, 553 U.S. 723, 796 (2008) (quoting *United States v. Reynolds*, 345 U.S. 1, 10 (1953)); *BAE Sys. San Diego Ship Repair Inc. v. United States*, 670 F. Supp. 3d 1064, 1074 (S.D. Cal. 2023) (stopping depositions of top admirals charged with "protecting our national security").

Given these doctrines—and the timing of Defendants' disclosure of these cabinet officers as declarants—Defendants respectfully submit that the Secretaries of War and Homeland Security will not be available for testimony at the hearing.

Date: October 28, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ROBERT STANDER
Deputy Assistant Attorney General

BENJAMIN HAYES
Deputy Assistant Attorney General

*/s/ Michael S. Sawyer*
MICHAEL S. SAWYER, Senior Attorney
ALISON VICKS, Trial Attorney
DANIEL LUECKE, Trial Attorney
Energy and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: 202-353-5134
E-mail: michael.sawyer@usdoj.gov
alison.vicks@usdoj.gov
daniel.luecke@usdoj.gov

*Counsel for Defendants*