**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL LEMMON**, *et al.*,<br>*Plaintiffs*,<br>v.<br>**DONALD J. TRUMP**, *et al.*,<br>*Defendants*. | Civil Action No. 26-cv-544 (TSC) |
| **DISTRICT OF COLUMBIA AND COMMONWEALTH OF VIRGINIA**,<br>*Plaintiffs*,<br>v.<br>**NATIONAL PARK SERVICE**, *et al.*,<br>*Defendants*. | Civil Action No. 26-cv-3838 (TSC)<br>**CONSOLIDATED CASES** |

**MOTION FOR CLARIFICATION AND MODIFICATION OF ORDER**

Defendants respectfully request that the Court clarify its November 2, 2026 Order, Civ. No. 26-544, ECF No. 90, ("Order") directing Defendants to "provide notice within" certain specified times regarding "any decisions" and "any activities" that may be taken by Defendants and/or third parties "regarding an arch on Memorial Circle." Defendants seek this clarification in order to ensure compliance, and avoid burdensome and excessive filings that are beyond the Court's intent. As discussed below, Defendants also request that the Court modify the timeframes in which notice must be provided to 24-hours. Defendants have conferred with plaintiffs on this motion. Plaintiffs District of Columbia and Commonwealth of Virginia oppose this motion. The *Lemmon* plaintiffs also oppose and intend to file a response.

The first paragraph of the Order (or "First Directive") requires:

> Defendants shall provide notice within one hour of *any decision* by the National Capital Planning Commission, *any decision* by the National Park Service, and *any decision* by the Department of the Interior *regarding an arch on Memorial Circle*. The notice shall attach the decision or, if it is not yet available, describe it and state when it will be filed.

*Id.* at 1 (emphasis added).

The second paragraph of the Order (or "Second Directive") requires:

> Defendants shall file a notice on the docket within thirty minutes of *any activity related* to *or in preparation* for the construction of an arch on Memorial Circle.

*Id.* at 2 (emphasis added).

Defendants request that the Court clarify that the First Directive requires Defendants only to provide notice *after* the National Capital Planning Commission, National Park Service, or Department of Interior take *any final action* authorizing an Arch on Memorial Circle. Defendants seek to clarify that the Second Directive requires that Defendants only provide notice of any activity *on-site* at Memorial Circle by Defendants or their agents related to or in preparation for the construction of an Arch at Memorial Circle.

Requiring the Defendants to otherwise notify the Court of "*any* decision[s] . . . regarding an arch on Memorial Circle" or "*any* activity related to or in preparation for the construction of an arch on Memorial Circle" without any further explanation or limitation is not reasonably possible to comply with and would likely result in excessive filings. Indeed, the Department of Interior and the National Park Service may make many decisions or engage in many activities broadly "regarding an arch on Memorial Circle," or "in preparation for the construction of an arch," including, for example, deciding to seek the relief sought in this Motion, reviewing

compliance documentation, and engaging in pre-contracting activity,[1] that are well beyond the scope of the relief Plaintiffs' seek, do not involve any physical activity on Memorial Circle, or are otherwise inconsequential to questions before the Court.

Defendants also seek to clarify the relevant entities that are subject to the notice requirements of the Second Directive. One of the defendants is the President of the United States, and courts lack power to enjoin the President, including by issuing notice requirements against the President. *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010) ("With regard to the President, courts do not have jurisdiction to enjoin him.").

As to timing, Defendants respectfully request that Court modify the Order to allow 24-hours for such notice. While Defendants' personnel and counsel are working diligently (including nights and weekends) on this matter, it takes time for decisions to be communicated through the various chains and then appropriately drafted into a notice suitable for filing with the Court, while assuring compliance with procedural and ethical rules (including verifying the accuracy of statements). Defendants will make every effort to notify the Court as soon as reasonably possible after a decision is made, but request a notice period of no less than 24-hours after the decision is made or any on-site activity is begun.

Given the significant challenges to complying with the court's order and the peril of inadvertently violating that order, Defendants respectfully request the Court clarify its November 2, 2026 Order as described above and provide Defendants 24-hours to provide the notices required by the Order.

---

[1] To the extent that the Order requires notice of such planning activities, Defendants are respectfully providing notice that the Department of Interior intends to undertake various planning, compliance, preparatory, and contracting activities concerning the arch, which do not involve any on-site activities on Memorial Circle. These activities are listed in Defendants' Notice, filed concurrently with this motion.

Dated: November 3, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ROBERT STANDER
Deputy Assistant Attorney General

BENJAMIN HAYES
Deputy Assistant Attorney General

*/s/ Marissa Piropato*
MARISSA A. PIROPATO, Deputy Chief
MICHAEL S. SAWYER, Senior Attorney
ALISON VICKS, Trial Attorney
DANIEL LUECKE, Trial Attorney
Energy and Natural Resources Division
P.O. Box 7611

Washington, D.C. 20044-7611
Telephone: 202-353-5134
E-mail: michael.sawyer@usdoj.gov
alison.vicks@usdoj.gov
daniel.luecke@usdoj.gov

*Counsel for Defendants*