**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, et al.,<br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br>Defendants. | Civil Action No. 26-cv-544 (TSC) |
| DISTRICT OF COLUMBIA AND<br>COMMONWEALTH OF VIRGINIA,<br>Plaintiffs,<br><br>v.<br><br>NATIONAL PARK SERVICE, et al.,<br>Defendants. | Civil Action No. 26-cv-3838 (TSC)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION**
**TO CLARIFY AND MODIFY ORDER**

Plaintiffs Michael Lemmon, Shaun Byrnes, Jon Gunderson, and Calder Loth (hereafter, Lemmon Plaintiffs) hereby oppose Defendants' motion (ECF 96) to "clarify" the Court's November 2 order and to modify the order to allow Defendants to withhold notice from the Court and Plaintiffs for 24 hours after approval of final site and building plans for construction of an arch in Memorial Circle, as well as for 24 hours after construction commences. As explained below, Defendants' motion underscores the need for a prompt ruling on the Lemmon Plaintiffs' motion for a preliminary injunction. Unless and until the Lemmon Plaintiffs' motion has been granted, Defendants' motion should be denied.

## BACKGROUND

In October 2025, President Trump announced that a large commemorative arch would be built on Memorial Circle. *See* SOMF, ECF 36-2, ¶ 4.

In February 2026, the Lemmon Plaintiffs filed suit on the ground that congressional authorization is required to build an arch on Memorial Circle. Complaint, ECF 1.

On October 21, 2026, Defendants filed a notice with the Court stating that the National Capital Planning Commission (NCPC) would consider approval of Defendants' site and building plans on November 5 and that "construction or demolition in preparation for construction of an arch on Memorial Circle could commence *immediately*" thereafter, as soon as Defendant National Park Service (NPS) published a notice on its website. Defs. Notice, ECF 63 (emphasis added).

On October 22, the Lemmon Plaintiffs moved for a preliminary injunction, asking this Court to enjoin Defendants Vince Haley, Executive Office of the President, and NPS from taking any steps to construct, or to direct or facilitate construction of, any structure in Memorial Circle, absent congressional authorization, during the pendency of this litigation. *See* Pls. Motion, ECF 64. Because the NCPC meeting is scheduled for November 5, the Lemmon Plaintiffs requested that the Court rule on their motion for a preliminary injunction on or before November 4. *Id.*

On October 31, the District of Columbia and Commonwealth of Virginia (hereafter, DC Plaintiffs) filed a complaint alleging that the arch project is unlawful. *See* Complaint, No. 26-cv-3838, ECF 1. The DC Plaintiffs filed a motion for a TRO and a stay under section 705 of the Administrative Procedure Act. The Court consolidated the case filed by the DC Plaintiffs with the Lemmon Plaintiffs' case.

In order to accommodate the desire of the parties to the DC Plaintiffs' case for more briefing time for the TRO motion, to allow the Court to consider the two motions together, and

because the NCPC hearing is not scheduled to begin until 1:00 pm on November 5, the Lemmon Plaintiffs agreed that the parties to the new case could represent to the Court that a ruling on the pending motion for a preliminary injunction could be issued by 12:00 pm on November 5, rather than on November 4. *See* Proposed Briefing Schedule, ECF 88.

Yesterday, this Court issued an order requiring Defendants (1) to provide the Court with notice "within one hour of any decision by the National Capital Planning Commission, any decision by the National Park Service, and any decision by the Department of the Interior regarding an arch on Memorial Circle," and (2) "to file a notice on the docket within thirty minutes of any activity related to or in preparation for the construction of an arch on Memorial Circle." ECF 90. The Lemmon Plaintiffs understood the November 2 order to be aimed at ensuring that, if the Court had not ruled on the Lemmon Plaintiffs' motion before Defendants began construction (or demolition in preparation for construction), it could do so very promptly after receiving notice, before Plaintiffs suffered irreparable harm.

Defendants now move the Court to clarify the November 2 order and to modify the order so that they need not provide notice within one hour of approvals and thirty minutes of construction activity, but may take as long as 24 hours.

**ARGUMENT**

As to the request for clarification, the Lemmon Plaintiffs note that the Court is in the best position to determine whether the order clearly conveys its intent and whether clarification is needed. The Lemmon Plaintiffs otherwise incorporate the arguments of the DC Plaintiffs in response to the request for clarification. *See* Order, No. 26-3838, ECF 4 (consolidating cases and directing the parties to eliminate repetition by incorporating one another filings).

As to the request for modification, Defendants' motion—asking the Court to allow them to wait as long as 24 hours before informing the Court and Plaintiffs of final site and plan approvals and of the commencement of construction that may follow "immediately" thereafter, Defs. Notice, ECF 63—should be denied, unless the Court has first ruled on the Lemmon Plaintiffs' pending motion for a preliminary injunction. If the Court has not ruled on Plaintiffs' motion, granting Defendants' request to modify the order will undermine the interests that the preliminary injunction motion seeks to safeguard.

To start, requiring Defendants to provide notice within one hour or within thirty minutes is wholly reasonable. The notices will be brief. *See, e.g.*, Defs. Notice, ECF 97; Notice, ECF 63. Indeed, Defendants could draft them in advance.

More importantly, Defendants have informed the Court that the NCPC approval of the site and building plans, NPS final approval of the plans, and the commencement of construction may all happen on the same day—this Thursday, November 5. If the Court has not by then ruled on the Lemmon Plaintiffs' motion for a preliminary injunction, Defendants' request that they be permitted to wait 24 hours before notifying the Court and Plaintiffs of NPS's final site and building approvals and the commencement of work at Memorial Circle would allow work to proceed for more than a full day: 24 hours before notice is given, followed by additional time for subsequent motions or for the Court to rule on the pending motions. In the meantime, Defendants may move cranes or other large equipment to Memorial Circle, and may begin digging or excavation, consistent with their intention immediately to begin work that will take place 20 hours per day. *See* NPS, *Triumphal Arch Revised Environmental Assessment* 10 (Oct. 2026), ECF 74-1. From the start, that equipment and activity may harm the Lemmon Plaintiffs by interrupting the unobstructed view from the Lincoln Memorial to Arlington House and Arlington Cemetery, as well as the

solemn and peaceful atmosphere in Arlington Cemetery. *See* Pls. Reply, ECF 85 at 21–23; Transcript, Oct. 30 Hearing, at 23:21–24:4.[1]

In short, Defendants' motion seeks leave to begin arch construction without advance notice. Unless the Lemmon Plaintiffs' motion for preliminary injunction (or their motion for summary judgment, ECF 36) is granted before construction commences, granting Defendants' request would allow Defendants to take action that the preliminary injunction motion seeks to block, to the detriment of the Lemmon Plaintiffs and, as the District of Columbia and Virginia have explained, *see* No. 26-3838, ECF 1, the public.

**CONCLUSION**

For the foregoing reasons, unless the Court has first ruled on the Lemmon Plaintiffs' motion for a preliminary injunction, Defendants' motion for clarification and modification should be denied.

Dated: November 3, 2026

Respectfully submitted,

/s/ Allison M. Zieve

Nicolas A. Sansone (DC Bar No. 1686810)
Wendy Liu (DC Bar No. 1600942)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs Lemmon, et al.*

[1] Testimony of Michael Lemmon stating, "The effect of combat produces trauma in all of us, different kinds of trauma. But it is a reality that has impacted those who have gone through it for the rest of their lives. It never goes away. So when I would walk over from the Vietnam Veterans Memorial to the Lincoln Memorial and look across at Arlington National Cemetery, where so many of my brothers are buried, I personally felt the hurt, the anger, the pain, the trauma recede."