**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**MICHAEL LEMMON**, *et al.*,

*Plaintiffs,*

v.

**DONALD J. TRUMP**, *et al.*,

*Defendants.*

Civil Action No. 26-544 (TSC)

**DISTRICT OF COLUMBIA AND COMMONWEALTH OF VIRGINIA,**

*Plaintiffs*,

v.

**NATIONAL PARK SERVICE**, *et al.*,

*Defendants*.

Civil Action No. 26-3838 (TSC)

**CONSOLIDATED CASES**

**DISTRICT AND VIRGINIA PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CLARIFICATION AND MODIFICATION OF ORDER**

This Court appropriately issued an order that will ensure both that it is promptly informed when Defendants formally approve construction of an arch at Memorial Circle and that this Court can rule on Plaintiffs' motions for preliminary relief before construction begins. ECF No. 90. Defendants' motion seeks to gut that order by enabling Defendants to irreparably alter the status quo before this Court can rule. The Court should deny that motion.

First, Defendants request that the Court permit them to engage in construction-related activities for a period of *24 hours* before informing the Court. Mot. 3. But giving Defendants a

full day to build the Arch free of judicial oversight would enable them to inflict the very irreparable injuries that Plaintiffs' motion is designed to prevent. During that period, Defendants would likely close lanes and reroute traffic in Memorial Circle, thereby obstructing traffic between the District and Virginia and compelling both jurisdictions to incur expenses monitoring and mitigating any downstream impacts. *See* Mem. in Support of Mot. for Temp. Restraining Order & Stay Under 5 U.S.C. § 705 ("TRO Mot."), at 39–40, *District of Columbia v. Trump*, No. 26-cv-3838, ECF No. 2-1; *see also* Revised Finding of No Significant Impact ("Revised FONSI"), at 8, *District of Columbia*, No. 26-cv-3838, ECF No. 2-15 (noting that "[a]dditional short-term closures and detours would . . . be required at the beginning of the construction to establish the maintenance of traffic configuration"). Defendants would also likely begin excavation work, causing stormwater runoff and other environmental impacts for which they would require permits from the District. TRO Mot. at 40–41; *see* Revised FONSI at 5 (noting that "[t]he initial phase" of construction would require "erosion and sediment control measures" and "stormwater management protocols"). And, more broadly, they would initiate construction work that they would inevitably claim it is difficult or harmful to reverse. TRO Mot. at 41–42.

Indeed, Defendants recently demonstrated just how much they can change the status quo in a matter of 24 hours. In *DC Preservation League v. Department of Interior*, --- F. Supp. 3d ---, 2026 WL 3210227 (D.D.C. Oct. 26, 2026), the Department of the Interior agreed to give advance notice to the plaintiffs and the court of any substantial renovation work they undertook at the East Potomac Golf Course. *Id.* at 8. But Defendants provided the court and plaintiffs with notice of an impending tree removal at 4:55 p.m. on the Friday before a holiday weekend, began removing trees "[l]ess than eighteen hours" later, and by "day's end" had razed nearly 430 trees, all in an

effort apparently "tim[ed] . . . to impede Plaintiffs' ability to seek Court intervention." *Id.* at 4, 11. The Court should not allow Defendants to run a similar play here.

Second, Defendants request a series of "clarifications" of this Court's order that—far from clarifying the order—would introduce confusion about its scope and deprive this Court of necessary and timely information. They ask that the order be modified to require notice only "*after* the National Capital Planning Commission, the National Park Service, or Department of Interior take *any final action* authorizing an Arch on Memorial Circle." Mot. 2. But what constitutes "final action" is a legally disputed question in this case. *Compare* TRO Mot. at 21 (arguing that Defendants have already taken final agency action)*, with* Tr. of Prelim Inj. Hearing at 51:4–10 (disagreeing with that proposition). Indeed, Defendants have previously suggested that final agency action may occur only when NPS actually begins construction of the Arch. *See* Tr. of Prelim. Inj. Hearing at 51:4–10 (Oct. 30, 2026) (Defendants' counsel stating that "if the National Capital Planning Commission approves this and the National Park Service approves this, that construction would begin, and at the time, I believe we said that that would be a final decision"). Rather than inviting legal dispute about what notice should be provided when, the Court should retain the clear and inclusive language of its existing order, which ensures that this Court will be informed of any decisions to approve the Arch, whatever Defendants believe their legal import to be.

Defendants also ask the Court to modify its order to require notice only of "activity *on-site* at Memorial Circle by Defendants or their agents related to or in preparation for constructing an Arch at Memorial Circle." Mot. 2. The practical effect of such a modification would be to enable Defendants to line up personnel and equipment at the site without notifying this Court, begin construction, and then notify the Court only after on-site work has begun. That would disable the

Court from enjoining construction before it occurs. It is far better to require Defendants to notify the Court of *any* work related to or in preparation for construction, such as issuing work permits, scheduling the start of construction, or directing personnel and equipment to proceed to the site.[1] Again, *DC Preservation League* is instructive: had the Court been informed of Defendants' off-site preparatory work to remove trees from East Potomac Golf Course, it would have learned of the impending removals at 9:15 a.m. on Friday, October 9, not five minutes before the close of business that afternoon. *See DC Preservation League*, 2026 WL 3210227, at *11 (noting that, at 9:15 a.m. that day, Interior executed a document identifying the total number of trees to be removed).

Defendants object that the Court's order will be "burdensome." Mot. 1. But it is Defendants who have chosen to begin construction "immediately" after the Arch is formally approved, Notice, ECF No. 63 (Oct. 21, 2026), rather than affording this Court a reasonable time to review their decision. There is no conceivable reason for Defendants to act with such dispatch in beginning a three-year construction project—one that, under their own (erroneous) theory, was authorized by Congress 101 years ago—other than altering the status quo before the Court can act. The Court properly issued an order that will prevent Defendants from accomplishing that improper end, and the Court should reject Defendants' request to drain that order of its efficacy.

[1] Because the District and Virginia Plaintiffs have not named the President as a Defendant, they take no position on whether the Court should clarify that the President is not personally subject to the Court's order. *See* Mot. 3.

Dated: November 3, 2026

Respectfully submitted,

JAY JONES
Attorney General of Virginia

/s/ Megan C. Keenan
MEGAN C. KEENAN (1672508)
MICHAEL K. PERLOFF (1601047)
Deputy Solicitors General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Tel: (804) 997-5222
Email: mkeenan@oag.state.va.us

*Counsel for the Commonwealth of Virginia*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (1026153)
ELIZA H. SIMON (90035651)
Senior Counsels to the Attorney General

/s/ Mitchell P. Reich
MITCHELL P. REICH (1044671)
Senior Counsel to the Attorney General

/s/ Karthik P. Reddy
KARTHIK P. REDDY (1048848)
Special Assistant Attorney General
NICOLE S. HILL (888324938)
JOHN B. LYMAN (156467)
SAMANTHA HALL (1014735)
Assistant Attorneys General
Office of the Attorney General for the District of Columbia
400 6th Street NW
Washington, DC 20001
Tel: (202) 279-1261
Email: mitchell.reich@dc.gov

*Counsel for the District of Columbia*