**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Civil Action No. 26-cv-544 (TSC) |
| DISTRICT OF COLUMBIA and COMMONWEALTH OF VIRGINIA,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL PARK SERVICE, et al.,<br><br>Defendants. | Civil Action No. 26-cv-3838 (TSC)<br><br>**CONSOLIDATED CASES** |

**MEMORANDUM OF LAW IN SUPPORT OF LEMMON PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

Plaintiffs Michael Lemmon, Shaun Byrnes, Jon Gundersen, and Calder Loth (hereafter, Lemmon Plaintiffs) filed this lawsuit on February 19, 2026, against President Donald J. Trump, White House Domestic Policy Council Director Vince Haley, the Executive Office of the President, and the National Park Service (NPS), challenging the decision to construct an unauthorized commemorative arch in Memorial Circle. The Lemmon Plaintiffs respectfully request that the Court grant them leave to supplement their complaint to add allegations and claims based on actions that the existing defendants and the U.S. Department of the Interior—which the Lemmon Plaintiffs seek to add as a defendant—have taken in the intervening months.

Specifically, during the pendency of this lawsuit, NPS and Department of the Interior (hereafter, Agency Defendants) have worked to implement Defendants' unlawful decision to build an arch in Memorial Circle without congressional authorization, culminating on November 5, 2026, in Agency Defendants' issuance of an authorization for construction to begin in accordance with design, site, and building plans developed by Agency Defendants. This authorization is independently actionable under the Administrative Procedure Act (APA), and it is unlawful for essentially the same reasons that Defendants' decision to build an arch in Memorial Circle was unlawful from the outset and that the Lemmon Plaintiffs have presented to this Court throughout this litigation. Allowing the Lemmon Plaintiffs to supplement their complaint to challenge the November 5 authorization will allow the Lemmon Plaintiffs to assert legal claims that were previously unavailable to them, and it will neither meaningfully delay the case's resolution nor cause prejudice to Defendants. This Court should grant the Lemmon Plaintiffs' motion for leave to file the supplemental complaint that accompanies their motion.

## BACKGROUND

The Lemmon Plaintiffs filed this lawsuit on February 19, 2026, after President Trump announced that the decision had been made to construct an enormous arch on NPS land in Memorial Circle to commemorate the 250th anniversary of American independence. *See* Compl., ECF 1. The operative complaint asserts two causes of action. First, the complaint alleges that Defendants' decision to construct an arch in Memorial Circle is ultra vires because Congress has not authorized the project. As the complaint alleges, the Commemorative Works Act and 40 U.S.C. § 8106 prohibit construction of a commemorative arch in Memorial Circle absent congressional authorization. *Id.* ¶¶ 52–59. Second, the complaint alleges that the decision to construct the arch

violates President Trump's duty under the U.S. Constitution to take care that Congress's laws are faithfully executed. *Id.* ¶¶ 60–64.

Defendants moved to dismiss the complaint, ECF 31, and the Lemmon Plaintiffs and Defendants filed cross-motions for summary judgment, ECF 36, ECF 44. All three motions are fully briefed and pending before the Court. *See* ECF 31, ECF 33, ECF 35 (motion to dismiss); ECF 36-1, ECF 45, ECF 48 (Lemmon Plaintiffs' motion for summary judgment); ECF 44-1, ECF 49, ECF 51 (Defendants' cross-motion for summary judgment).

In the meantime, Agency Defendants have taken substantial further steps toward construction of the arch, notwithstanding the lack of statutory authority to do so: They sought and secured final design approval from the Commission of Fine Arts, *see* Proposed Suppl. Compl. ¶¶ 14–19; conducted an environmental assessment pursuant to the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 et seq., *see id.* ¶¶ 20–25; performed an assessment of the arch's adverse effects on surrounding historic properties pursuant to Section 106 of the National Historic Preservation Act, 54 U.S.C. §§ 300101 et seq., *see id.* ¶¶ 30–37; and sought and secured final approval of site and building plans from the National Capital Planning Commission, *see id.* ¶¶ 42–45. These processes revealed that the arch will have significant adverse effects on multiple historic properties in the monumental core of Washington, DC, *see, e.g.*, *id.* ¶¶ 24–25, 34, and comments submitted by members of the public and by the parties with whom NPS purported to engage in Section 106 consultation overwhelmingly opposed constructing the arch—including because it lacks statutory authorization, *see id.* ¶¶ 15, 18, 26, 28, 31–33, 43.

On November 5, 2026, Agency Defendants issued an authorization for construction to begin in accordance with the design, site, and building plans developed by Agency Defendants. *Id.*

¶ 47. Plaintiffs now seek leave to supplement their complaint to include allegations and claims related to this final agency action.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(d) allows courts, "[o]n motion and reasonable notice," and "on just terms, [to] permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Rule 15(d) places "broad discretion in the district court in order to avoid 'needlessly remitt[ing] [plaintiffs] to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.'" *Scahill v. District of Columbia*, 909 F.3d 1177, 1183 (D.C. Cir. 2018) (alterations in original; quoting Fed. R. Civ. P. 15(d), advisory committee notes to 1963 amendment). Leave to file a supplemental complaint "should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay of trial, inconvenience and will not prejudice the rights of any other party." *In re Fed. Bur. of Prisons' Execution Protocol Cases*, No. 19-mc-145, 2020 WL 7186766, at *5 (D.D.C. Dec. 6, 2020) (quoting *Banks v. York*, 448 F. Supp. 2d 213, 214 (D.D.C. 2006)).

## ARGUMENT

Consistent with the text of Rule 15(d), the Lemmon Plaintiffs' proposed supplemental complaint addresses "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Granting leave to supplement will promote the efficiency interests that Rule 15(d)'s liberal policy toward supplementation aims to foster, by allowing the Lemmon Plaintiffs to support their right to relief through the assertion of new legal claims that were unavailable at the time they filed suit.

The Lemmon Plaintiffs filed suit after Defendants made the decision to construct a massive commemorative arch in Memorial Circle without congressional authorization. Because this decision had no basis in legal authority and violated the Commemorative Works Act and 40 U.S.C. § 8106, the Lemmon Plaintiffs challenged the arch as ultra vires and unconstitutional. Subsequent events have confirmed that Defendants' decision was firm, as Defendants disregarded their own findings during the NEPA and Section 106 processes that the arch will have multiple adverse effects on the surrounding area and waved off reams of almost uniformly negative input from stakeholders. Now, by issuing an authorization for construction to proceed in accordance with their preferred design, site, and building plans, Agency Defendants have taken final agency action to commence construction. *See* Mem. Op., ECF 111, at 17–18; *see also, e.g.*, *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 417 F.3d 1272, 1278–81 (D.C. Cir. 2005) (holding that agency authorization to discharge materials into wetlands was final agency action); *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs,* — F.4th —, No. 25-1797, 2026 WL 3179802, at *4 (4th Cir. Oct. 23, 2026) (same). And because Department of the Interior approved the authorization at issue, *see* Decision Record, ECF 109-1, at 17, it is properly added as a supplemental defendant to answer claims related to that authorization, *see, e.g.*, *Media Matters for Am. v. Paxton*, No. 24-cv-147, 2024 WL 1773152, at *2 (D.D.C. Apr. 24, 2024) (granting Rule 15(d) motion to add a defendant); *Competitive Enterprise Inst. v. McCarthy*, No. 21-cv-1238, 2021 WL 9937858, at *2 (D.D.C. Oct. 7, 2021) (same).

Agency Defendants' action issuing an authorization does not affect the Lemmon Plaintiffs' existing claims challenging the decision to build an arch in Memorial Circle absent congressional authorization. A judicial ruling on that decision remains crucial to provide complete relief to the Lemmon Plaintiffs. *See Chamber of Com. of the U.S. v. Reich*, 74 F.3d 1322, 1326–28 (D.C. Cir.

1996) (explaining that an ultra vires challenge to an executive order reflecting a settled presidential policy remained appropriate even after an agency took final agency action to implement the order). Agency Defendants' issuance of an authorization, however, is independently actionable under the APA. Requiring the Lemmon Plaintiffs to initiate a new action to bring their APA claims would disserve judicial economy by forcing into separate proceedings related legal claims among the same parties.

In addition, granting leave to supplement would not cause "[d]elay and prejudice." *Powder River Basin Res. Council v. U.S. Dep't of Interior*, 2026 WL 555013, at *9 (D.D.C. Feb. 27, 2026), *appeal filed*, D.C. Cir. No. 26-5142 (Apr. 29, 2026) (citation omitted). The Lemmon Plaintiffs have filed this motion within a day and a half after Agency Defendants issued the authorization that gives rise to the Lemmon Plaintiffs' supplemental claims, and the new claims will not delay the progress of this case. Indeed, should this Court grant the Lemmon Plaintiffs' fully briefed motion for summary judgment on their preexisting claims, resolution of the supplemental claims may prove unnecessary. And if the parties proceed to briefing on the supplemental claims, two of the three supplemental claims—that Agency Defendants' authorization is contrary to the Commemorative Works Act and that the authorization is contrary to 40 U.S.C. § 8106—rest on legal theories that have already been comprehensively briefed in connection with the Lemmon Plaintiffs' ultra vires and constitutional claims. Briefing on those supplemental claims can therefore proceed expeditiously. And the third supplemental claim—that the decision to issue an authorization is arbitrary and capricious—echoes a claim that the District of Columbia and the Commonwealth of Virginia have raised in a consolidated case. *See* Compl., ECF 1, ¶¶ 155–60, *District of Columbia v. NPS*, No. 26-3838 (D.D.C. Oct. 31, 2026).

Finally, throughout this litigation, Defendants have argued that the Lemmon Plaintiffs lack standing because arch construction is speculative, ECF 31 at 11–15; ECF 35 at 2–11; ECF 44-1 at 14–18; ECF 45 at 14–18; ECF 51 at 7–12, and that the case is prudentially unripe, ECF 31 at 19–21; ECF 35 at 14–16; ECF 44-1 at 21–24; ECF 45 at 21–24; ECF 51 at 14–15. The Lemmon Plaintiffs have explained why these arguments are wrong. *See* ECF 33 at 13–15, ECF 48 at 14–19, ECF 49 at 14–19 (standing); ECF 33 at 16–19, ECF 48 at 20–23, ECF 49 at 20–23 (ripeness). But because Defendants have argued that the Lemmon Plaintiffs should wait to challenge authorization of the arch's final design, site, and building plans, rather than the underlying decision to build an unauthorized arch in Memorial Circle, granting the Lemmon Plaintiffs leave to supplement their original pleading based on subsequent events is consistent with Defendants' arguments as to the proper claims. *Cf.* Fed. R. Civ. P. 15(d) (noting that supplementation is permissible irrespective of whether "the original pleading is defective in stating a claim"). For this reason as well, Defendants can claim no prejudice from granting the motion for leave to file the supplemental complaint.

## CONCLUSION

This Court should grant the Lemmon Plaintiffs' motion for leave to file the attached supplemental complaint.

Dated: November 7, 2026

Respectfully submitted,

/s/ Nicolas A. Sansone

Nicolas A. Sansone (DC Bar No. 1686810)
Wendy Liu (DC Bar No. 1600942)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs Michael Lemmon, et al.*