**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL LEMMON, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*<br><br>*Defendants*. | Civil Action No. 26-cv-544 (TSC) |
| DISTRICT OF COLUMBIA and COMMONWEALTH OF VIRGINIA,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONAL PARK SERVICE, *et al.*<br><br>*Defendants*. | Civil Action No. 26-cv-3838 (TSC) |

**MOTION TO JOIN AND SUPPLEMENT MOTIONS FOR PRELIMINARY INJUNCTION**

Intervenor Plaintiffs Rory Kennedy, Maxwell Taylor Kennedy, Christopher G. Kennedy, Kerry Kennedy, Courtney Kennedy, Hon. Kathleen Kennedy Townsend, Hon. Joseph P. Kennedy II, Hon. Joseph P. Kennedy III, and Edward M. Kennedy Jr., respectfully request to join and supplement the pending motions for preliminary injunction in this case. *See* ECF Nos. 115; 117. Intervenor Plaintiffs' claims overlap with the claims raised in those motions and are likely to succeed for the same reasons. In addition, Intervenor Plaintiffs have raised additional harms that provide further grounds for the Court to find injury, standing, and irreparable harm in ruling on the pending motions.

Like the existing Plaintiffs in this case, Intervenor Plaintiffs assert claims under the Administrative Procedure Act ("APA") challenging Defendants' decision to authorize the construction of a commemorative arch in Memorial Circle. *See* Intervenor Plaintiffs' Compl. ¶¶ 1-9, ECF No. 9-1, 1:26-cv-03838-TSC. As the Court has already held in granting a temporary restraining order, Defendants' authorization to construct the Arch is a final agency action challengeable under the APA because it completes the Agency Defendants' decision-making process and is a decision from which legal consequences flow. *See* Memorandum Op. at 17-18, ECF No. 111. Intervenor Plaintiffs' claims include challenges to that final agency action as contrary to law under the APA because the decision to authorize construction of the Arch did not meet the requirements of the Commemorative Works Act of 1986 ("CWA") or 40 U.S.C. § 8106. Intervenor Pls.' Compl. ¶¶ 88-100. And those claims are likely to succeed on the merits for the reasons the existing Plaintiffs have noted. *See* ECF No. 115-1 at 11-14 (addressing lack of authorization under CWA), 14-15 (addressing lack of authorization under Section 8106); ECF No. 117-1 at 7-14 (addressing likelihood of success on claims, including claims based on the CWA and Section 8106). Intervenor Plaintiffs join in and adopt those arguments.

In addition, Defendants' authorization to construct the Arch will cause concrete and irreparable harm to Intervenor Plaintiffs. Intervenor Plaintiffs have a unique personal connection to the Kennedy Gravesites in Arlington National Cemetery, where their family members are buried near the John F. Kennedy Eternal Flame, and each faces harm from the negative effects the Arch will have on the Kennedy Gravesites, the unobstructed view between the Lincoln Memorial and John F. Kennedy Gravesite, and the view of the John F. Kennedy Eternal Flame from the Lincoln Memorial and Memorial Bridge. *See* Exhibit 1, Declaration of Rory Kennedy, ¶¶ 4-11; Exhibit 2, Declaration of Kerry Kennedy, ¶¶ 4-13; Exhibit 3, Declaration of Christopher Kennedy, ¶¶ 4-

22; Exhibit 4, Declaration of Maxwell Taylor Kennedy, ¶¶ 4-13. Jacqueline Kennedy intended the architecture of the monument would ensure a clear line-of-sight from the Memorial Bridge to the Eternal Flame and from the John F. Kennedy Gravesite to the Lincoln Memorial. Ex. 1 ¶ 7; Ex. 3 ¶¶ 7-8, 10; Ex. 4 ¶ 7. The Arch will disrupt these sightlines, destroying the intended effect and symbolic meaning of the John F. Kennedy Gravesite and the Eternal Flame. Ex. 1 ¶ 7; Ex. 3 ¶ 12; Ex. 4 ¶ 9. The Arch will also cast a shadow over the Gravesites and the Eternal Flame—a disrespectful intrusion on a reverently designed and tended site and an insult to the legacy of the Kennedy family that will fundamentally and negatively alter the experience of visiting the Gravesites. Ex. 1 ¶ 10; Ex. 2 ¶¶ 12-13; Ex. 3 ¶ 20; Ex. 4 ¶ 12.

These injuries are more than sufficient to establish standing and irreparable harm. "[S]urviving family members" have a particularized interest with respect to the "[b]urial rights or their counterparts" of family members. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 167–68 (2004). Moreover, the Supreme Court has recognized that "the desire to use or observe" something, "even for purely esthetic purposes, is undeniably a cognizable interest for purpose of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 562-63 (1992); *see also Sierra Club v. Morton*, 405 U.S. 727, 734 (1972) (allegation of harm resulting from building a road in national park that would "adversely affect the scenery, natural and historic objects … and would impair the enjoyment of the park …may amount to an 'injury in fact' sufficient to lay the basis for standing").

The Supreme Court recently reiterated that such injuries must be "concrete and particularized," *Nat'l Park Serv. v. Nat'l Tr. for Historic Pres. in the United States*, 609 U.S. 1068, 1072–73 (2026), but there is no doubt that family members have a concrete and personal stake in preventing the degradation of graves and memorials for their family members. In assessing what "makes a harm concrete" for purposes of finding the "personal stake" necessary for standing, the

Supreme Court has explained that "history and tradition offer a meaningful guide," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021), and the Court has had "little difficulty … in finding in [its] case law and traditions the right of family members to direct and control disposition of the body of the deceased," *Nat'l Archives & Recs. Admin.*, 541 U.S. at 167. "Family members have a personal stake in honoring and mourning their dead and objecting to unwarranted public exploitation that, by intruding upon their own grief, tends to degrade the rites and respect they seek to accord to the deceased person who was once their own." *Nat'l Archives & Recs. Admin.*, 541 U.S. at 168. As family members, Intervenor Plaintiffs thus face harms that are both concrete and particularized. *See Lujan*, 504 U.S. at 560 n.1 ("By particularized, we mean that the injury must affect the plaintiff in a personal and individual way.").

Defendants' plans to immediately begin construction on the Arch also establish harm that is both imminent and irreparable. Intervenor Plaintiffs and their relatives regularly visit the Gravesites to pay homage to their family members, sometimes early in the morning, before Arlington National Cemetery officially opens, in order to maintain privacy while honoring their family. Ex. 1 ¶ 8; Ex. 2 ¶¶ 9-11; Ex. 4 ¶¶ 9-10. Intervenor Plaintiffs' future visits will be negatively impacted by a construction site that will fundamentally disrupt the views between the Kennedy Gravesites and the Lincoln Memorial, and later by the Arch, which will further obstruct those views and literally overshadow the Gravesites. Ex. 1 ¶ 10; Ex. 2 at ¶¶ 12-13; Ex. 3 ¶ 20; Ex. 4 ¶ 12; *see* Jarrett Ley, Aaron Steckelburg & Dan Diamond, *Trump's arch would cast shadow on Arlington graves, including Kennedy's*, The Washington Post (Oct. 27, 2026), https://www.washingtonpost.com/investigations/interactive/2026/10/27/trumps-arch-would-cast-shadow-arlington-cemetery/; *Tyler v. Cuomo*, 236 F.3d 1124, 1132 (9th Cir. 2000) ("injury in fact" established based on proposed project that would "overshadow" historic properties, diminishing

the location, design, and setting). This "disrespectful intrusion" and "insult to the legacy" of the Kennedy family will "alter the experience of visiting the Gravesite" and prevent Intervenor Plaintiffs from recognizing their family members' "service and sacrifice to this country without distraction." Ex. 1 ¶ 10. These imminent aesthetic harms are sufficient to establish the irreparable harm necessary for a preliminary injunction. *See, e.g.*, *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 24 (D.D.C. 2009) (collecting cases).

Accordingly, Intervenor Plaintiffs respectfully request to join, adopt the arguments in, and supplement the pending motions for preliminary injunction, and request that the Court grant those motions and prevent irreparable harm to all Plaintiffs, including the Intervenor Plaintiffs.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Norman L. Eisen*
Norman L. Eisen (D.C. # 435051)
Stephen A. Jonas (D.C. # 90037069)
Joshua G. Kolb (# NY0628)
Brian C. Ward (D.C. # 90046907)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003
norman@democracydefenders.org
steve@democracydefenders.org
joshua@democracydefenders.org
brian@democracydefenders.org

*Counsel for Intervenor Plaintiffs*