**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL LEMMON**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-cv-544 (TSC) |
| **DISTRICT OF COLUMBIA** and **COMMONWEALTH OF VIRGINIA**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NATIONAL PARK SERVICE**, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-cv-3838 (TSC)<br><br>**CONSOLIDATED CASES** |

**ORDER**

On February 19, 2026, three Vietnam War veterans and an architectural historian (the "*Lemmon* Plaintiffs") sued to challenge the construction of a 250-foot triumphal arch (the "Arch") in Washington, D.C.'s Memorial Circle. Compl., ECF No. 1, ¶¶ 53–64. On October 31, 2026, the District of Columbia ("the District") and the Commonwealth of Virginia ("Virginia") filed a separate action, asserting claims under the Administrative Procedure Act ("APA"), as well as ultra vires and mandamus claims. *See* Compl., *District of Columbia v. NPS*, No. 26-cv-3838 (D.D.C. Oct. 31, 2026), ECF No. 1, ¶¶ 108–175. Alongside their Complaint, the District and Virginia moved for a temporary restraining order ("TRO") and a stay of agency action. D.C. & Va. Pls.'

Mot. for TRO, *District of Columbia v. NPS*, No. 26-cv-3838, ECF No. 2. The court consolidated the cases. Order, No. 26-cv-3838 (D.D.C. Oct. 31, 2026), ECF No. 4. Briefing on the TRO motion was completed on November 4, 2026. *See* Defs.' Opp'n to D.C. & Va. Pls.' Mot. for TRO, ECF No. 95; D.C. & Va. Pls.' Reply Supp. Mot. for TRO, ECF No. 100.

On November 5, 2026, the Department of the Interior issued its final decision approving construction of the Arch. NPS, *Decision Record: Triumphal Arch at Memorial Circle* (Nov. 5, 2026), ECF No. 109-1. The same night, the court granted the District and Virginia's motion for a TRO. ECF Nos. 110, 111. It barred Defendants from "initiating, making, or otherwise effectuating any construction, excavation, demolition, land-disturbance, utility-installation, or roadway-closure activity, or any other construction-related activity" at or near Memorial Circle for fourteen days. Order, ECF No. 110; *see* Mem. Op., ECF No. 111. The TRO was entered after full briefing and with notice to Defendants. It is currently set to expire on November 19, 2026.

Following entry of the TRO, the parties jointly proposed the following preliminary injunction briefing schedule:

- Plaintiffs to file their motions for preliminary injunctions by November 10.
- Defendants to file a combined opposition, of up to 67 pages, by November 16.
- Plaintiffs to reply by 2:00 p.m. on November 18.

Jt. Status Rep., ECF No. 113. The court adopted the parties' proposed schedule. Nov. 9, 2026 Min. Order.

On November 10, 2026, the *Lemmon* Plaintiffs and the District and Virginia separately filed motions for a preliminary injunction. ECF Nos. 115, 117. The District and Virginia also moved for a stay under 5 U.S.C. § 705, ECF No. 117, and contemporaneously filed their first amended complaint. ECF No. 116. The *Lemmon* Plaintiffs had also moved, on November 7, for leave to file a supplemental complaint. ECF No. 112.

Meanwhile, also on November 10, 2026, nine members of the Kennedy family (the "Proposed Intervenors") moved to intervene. No. 26-cv-3838, ECF No. 9. The Proposed Intervenors filed papers in support of the pending preliminary injunction motions on November 13, and Defendants responded to both the motion to intervene and those papers on November 18. ECF Nos. 124, 131.

Defendants filed their combined opposition to the preliminary injunction motions on November 16, ECF No. 127, and Plaintiffs replied on November 18, ECF Nos. 129, 130. The motions for preliminary relief are now fully briefed.

Under Federal Rule of Civil Procedure 65(b)(2), a TRO *without notice* is valid for a period "not to exceed 14 days . . . unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2) (emphasis added). The Rule is silent on the timeline for TROs—like the one in this case—entered with notice. But "it is generally accepted that the standard fourteen days followed by a fourteen-day extension for good cause applies to a TRO entered with notice as well." *Dellinger v. Bessent*, 768 F. Supp. 3d 30, 32 (D.D.C. 2025) (citing 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2953 (3d ed. 2024)). "[W]hen a court extends a TRO beyond 28 days it renders the injunctive relief reviewable by a court of appeals." *Clevinger v. Advoc. Holdings, Inc.*, 2023 WL 4535467, at *2 (D.D.C. June 30, 2023), *appeal dismissed*, 2023 WL 5664054 (D.C. Cir. Aug. 30, 2023) (citing *Sampson v. Murray*, 415 U.S. 61, 86–87 (1974)).

Although there are few cases on what constitutes "good cause," a "showing that the grounds for originally granting the temporary restraining order continue to exist should be sufficient." 11A Wright & Miller, *supra* § 2953. Courts have also found good cause where "more time is needed fully to consider the parties' arguments and motions." *Costa v. Bazron*, 2020 WL

2410502, at *2 (D.D.C. May 11, 2020); *accord Climate United Fund v. Citibank, N.A.*, 2025 WL 1567633, at *2 (D.D.C. Mar. 31, 2025).

The court finds that a brief extension is appropriate here for several reasons.

*First*, good cause exists for the same reasons justifying the TRO in the first place. *See* Mem. Op., ECF No. 111 at 12–31. No material circumstance has changed since the court found that the District and Virginia were entitled to a TRO.

*Second*, the court adopted the parties' proposed schedule, under which briefing closed at 2:00 p.m. on November 18, the day before the TRO is set to expire. The motions are now fully briefed. But they raise distinct questions for three sets of plaintiffs: the District and Virginia, the *Lemmon* Plaintiffs, and the Proposed Intervenors. An extension will "permit the Court to consider the parties' briefs and to render a decision on the recently filed motion[s] for preliminary injunction without interruption or intervening developments." *Accountability Now USA v. Griess*, 2026 WL 1724240, at *1 (D.D.C. June 15, 2026); *see also Dellinger*, 768 F. Supp. 3d at 32 ("[I]t is also incumbent upon the Court to give full consideration to all of the arguments advanced."). The court finds it "appropriate to maintain the status quo pending the outcome" of the preliminary injunction motions. *Clevinger*, 2023 WL 4535467, at *2.

In consideration of these circumstances, the court finds there is good cause to extend the TRO. Accordingly, it is hereby ORDERED that the TRO is extended for fourteen days, through Thursday, December 3, 2026, or until the court renders a decision on the pending motions for a preliminary injunction, whichever is earlier. The TRO entered on November 5, 2026, ECF No. 110, remains in full force and effect. Defendants shall, within 24 hours of the entry of this Order, serve a copy of this Order on all relevant individuals and entities, including Defendants' subordinates, employees, contractors, subcontractors, and agents not before the court, that are

engaged in or have responsibilities for construction, site preparation, or related activities concerning the Arch at Memorial Circle, and shall inform each of them that the activities enjoined by the TRO are prohibited by court order.

**SO ORDERED.**

Date: November 18, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge