**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL LEMMON**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DONALD J. TRUMP**, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-544 (TSC) |
| **DISTRICT OF COLUMBIA AND COMMONWEALTH OF VIRGINIA**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**NATIONAL PARK SERVICE**, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-3838 (TSC)<br><br>**CONSOLIDATED CASES** |

**PLAINTIFFS' JOINT NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs District of Columbia and Commonwealth of Virginia and Plaintiffs Lemmon, Byrnes, Gundersen, and Loth respectfully notify this Court that on November 20, 2026, the U.S. District Court for the Eastern District of Virginia issued a preliminary injunction halting construction of a triumphal arch in Memorial Circle. *See County Board of Arlington County v. National Park Service*, No. 1:26-cv-03372, 2026 WL 3573722 (E.D. Va. Nov. 20, 2026). The court held that "construction of the Arch likely violates the [Commemorative Works Act]," *id.* at *3, and rejected Defendants' claims that the Arch is authorized by the Memorial Bridge Act or NPS's Organic Act, *id.* at *3–4. It also found that Arlington County has standing and faces irreparable harm for much the same reason that this Court concluded the Arch injures the District and Virginia,

namely, that "the Arch construction will cause [Arlington County] to expend resources assessing and responding to congestion around [Memorial] [C]ircle." *Id.* at *1, *5; *see* TRO Op. 12–17, ECF No. 111. The *Arlington County* opinion and order thus reinforce this Court's conclusion that the Arch is likely unlawful and that preliminary relief is proper.

While the reasoning supporting issuance of the preliminary injunction in *Arlington County* strongly supports Plaintiffs in these consolidated cases, the fact of the injunction does not obviate the need for this Court to grant the pending motions for preliminary relief. Given the inherently temporary nature of a preliminary injunction, "district courts frequently issue overlapping preliminary injunctions on the same subject matter"—especially where the first injunction is issued in a different circuit or will likely be appealed. *Am. Encore v. Fontes*, 152 F.4th 1097, 1121 (9th Cir. 2025); *see Whitman-Walker Clinic, Inc. v. HHS*, 485 F. Supp. 3d 1, 59–60 (D.D.C. 2020) (explaining that "courts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief," and citing examples); *see also, e.g.*, *Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 36, 57 n.9 (D.D.C. 2025); *Skarbenchuk v. Edlow*, No. 26-cv-03436, 2026 WL 2883315, at *4 (D. Md. Sept. 25, 2026); *Sunny-Odio v. Trump*, No. 26-cv-04816, 2026 WL 1763854, at *2 (N.D. Cal. June 18, 2026); *CASA, Inc. v. Trump*, 793 F. Supp. 3d 687, 697–98 (D. Md. 2025); *Regeneron Pharms., Inc. v. HHS*, 510 F. Supp. 3d 29, 41 n.4 (S.D.N.Y. 2020); *Baltimore v. Azar*, 392 F. Supp. 3d 602, 618–19 (D. Md. 2019); *California v. HHS*, 390 F. Supp. 3d 1061, 1065–66 (N.D. Cal. 2019).

This approach is particularly appropriate here, where NPS has already appealed the *Arlington County* decision to the Fourth Circuit and has indicated that it will seek a stay pending appeal. *See Arlington County*, ECF No. 26, at 34; *Arlington County*, ECF No. 32, at 1. In addition,

Plaintiffs in these consolidated cases have raised several merits arguments and bases for standing that the *Arlington County* opinion does not address. And given Defendants' express intention to begin constructing the Arch as rapidly as possible if not barred from doing so, irrespective of pending litigation, it is critical to avoid any gap in time during which an injunction against construction of the Arch is not in effect.

Dated: November 21, 2026

/s/ Nicolas Sansone
Nicolas Sansone (D.C. Bar No. 1686810)
Wendy Liu (D.C. Bar No. 1600942)
Allison M. Zieve (D.C. Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

*Counsel for Plaintiffs Lemmon, et al.*

Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

EMMA SIMSON (1026153)
ELIZA H. SIMON (90035651)
Senior Counsels to the Attorney General

/s/ Mitchell P. Reich
MITCHELL P. REICH (1044671)
Senior Counsel to the Attorney General

/s/ Karthik P. Reddy
KARTHIK P. REDDY (1048848)
Special Assistant Attorney General
NICOLE S. HILL (888324938)
JOHN B. LYMAN (156467)
SAMANTHA HALL (1014735)
Assistant Attorneys General
Office of the Attorney General for
the District of Columbia
400 6th Street NW
Washington, DC 20001
Tel: (202) 890-9259
Email: karthik.reddy@dc.gov

*Counsel for the District of Columbia*

JAY JONES
Attorney General of Virginia

/s/ Megan C. Keenan
MEGAN C. KEENAN (1672508)
MICHAEL K. PERLOFF (1601047)
Deputy Solicitors General

Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219
Tel: (804) 997-5222
Email: mkeenan@oag.state.va.us

*Counsel for the Commonwealth of Virginia*